Hayden Corrales (CA Bar No. 350580)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449–9010
Facsimile: (302) 353–4251
hcorrales@devlinlawfirm.com
*Attorney for AX Wireless, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| AX Wireless, LLC, | Case No. 8:26-cv-251 |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| TP-Link Systems Inc., | |
| Defendant. | |

COMPLAINT FOR PATENT INFRINGEMENT                              CASE NO.

Plaintiff AX Wireless, LLC ("AX Wireless" or "Plaintiff"), for its Complaint against Defendant TP-Link Systems Inc. ("TP-Link" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2. This Complaint is based on the unlawful and unauthorized making, using, selling, importing and/or providing and causing to be used of devices, systems, and/or methods that infringe, either literally or under the doctrine of equivalents, directly or indirectly, at least one or more claims of U.S. Patent No. 10,079,707 ("the '707 patent"); U.S. Patent No. 10,917,272 ("the "'272 patent"); U.S. Patent No. 11,646,927 ("the'927 patent"); U.S. Patent No. 11,777,776 ("the'776 patent"); and U.S. Patent No. 12,063,134 ("the '134 patent"). A copy of each of the '707 patent, '272 patent, the '927 patent, the '776 patent, and the '134 patent (collectively "Asserted Patents") is attached as Exhibits 1, 2, 3, 4, and 5, respectively.

3. Defendant imports into the United States, and offers for sale and sells in the United States, including on information and belief, within this judicial district, devices with wireless networking technology—including but not limited to wireless router systems and components thereof (the "Accused Products")—that practice without license one or more claims of one or more of the Asserted Patents.

4. TP-Link has imported, sold for importation, and/or sold within the United States after importation, the TP-Link Deco XE75Pro (the "Exemplary Accused Product").

## THE PARTIES

5. Plaintiff AX Wireless, LLC is a Texas limited liability company having its headquarters at 2025 Guadalupe Street, Suite 260, Austin, TX 78705.

1

6. Upon information and belief, TP-Link is a corporation organized under the laws of the State of California with a place of business at 10 Mauchly, Irvine, California, 92618, Tel.: (626) 333-0234.

7. Upon information and belief, TP-Link sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

11. This Court has personal jurisdiction over the TP-Link under the laws of the State of California, due at least to their substantial business in California and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of California.

## THE ASSERTED PATENTS

### The '707 Patent

12. AX Wireless owns by assignment the entire right, title, and interest in the '707 patent, titled "Receiver Method and Apparatus for Variable Header Repetition in a Wireless OFDM Network," which issued on September 18, 2018. The '707 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from

United States Patent Application No. 15/958,519, filed April 20, 2018. It expires on August 20, 2030.

13. The '707 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '707 patent claimed a communication apparatus that receives two types of data packets: a first type where header information is received in two blocks, and a second type where each of the two blocks is repeated such that the header information is received over four blocks. This repetition helps ensure the receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission.

**The '272 Patent**

14. AX Wireless owns by assignment the entire right, title, and interest in the '272 patent, titled "Non-transitory computer-readable information storage media for variable header repetition in a wireless OFDM network," which issued on February 9, 2021. The '272 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 16/780,589, filed February 3, 2020. It expires on August 20, 2030.

15. The '272 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the

inventors of the '272 patent claimed a method performed by one or more processors in a transmission apparatus to transmit two types of packets: a first type where header information is sent in two blocks, and a second type where each of the two blocks is repeated such that the header information is sent over four blocks. This repetition helps ensure the receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission. The inventors of the '272 patent also claimed a method performed by one or more processors in a transmission apparatus to receive and decode the two types of packets.

**The '927 Patent**

16. AX Wireless owns by assignment the entire right, title, and interest in the '927 patent, titled "Header repetition in packet-based OFDM systems," which issued on May 9, 2023. The '927 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 17/540,189, filed December 1, 2021. It expires on August 20, 2030.

17. The '927 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '927 patent claimed a communication apparatus that transmits two types of data packets: a first type where header information is transmitted in two blocks, and a second type where each of the two blocks is repeated such that the header information is transmitted over four blocks. This repetition helps ensure a receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission.

**The '776 Patent**

18. AX Wireless owns by assignment the entire right, title, and interest in the '776 patent, titled "Header repetition in packet-based OFDM systems," which issued on October 3, 2023. The '776 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 17/939,904, filed September 7, 2022. It expires on August 20, 2030.

19. The '776 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '776 patent claimed an improved receiver apparatus that can automatically determine which format was used for a given packet by examining whether the header repeats. When the receiver detects that a second transmission block contains a repetition of the header, it recognizes the packet as the extended format. When no such repetition is detected, it identifies the packet as the basic format. This automatic detection mechanism allows older devices designed to handle only the basic format and newer devices capable of processing both formats to operate seamlessly on the same network and improves backwards compatibility.

**The '134 Patent**

20. AX Wireless owns by assignment the entire right, title, and interest in the '134 patent, titled "Header repetition in packet-based OFDM systems," which issued on August 13, 2024. The '134 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 18/234,879, filed August 17, 2023. It expires on August 20, 2030.

21. The '134 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '134 patent claimed an improved transmitter apparatus that can transmit packets of both formats. This would enable a receiver to distinguish between the formats by detecting whether a second transmission block contains a repetition of the header and improves backwards compatibility. Moreover, the repetition indicating a packet of the second format is applied only to the header, and not to the contents (or "payload") of the data packet.

## COUNT I – INFRINGEMENT OF THE '707 PATENT

22. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

23. TP-Link directly infringes the '707 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the TP-Link Deco XE75Pro, without license or authority.

24. The TP-Link Deco XE75Pro directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '707 patent.

25. As shown in the attached claim charts at Exhibit 6, the TP-Link Deco XE75Pro and the components thereof satisfy all limitations of at least claim 1 of the '707 patent.

26. TP-Link's direct infringement of the '707 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and

using, selling, and offering to sell products that practice the '707 product in the United States.

27. The claims of the '707 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '707 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

**COUNT II – INFRINGEMENT OF THE '272 PATENT**

28. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

29. TP-Link directly infringes the '272 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the TP-Link Deco XE75Pro, without license or authority.

30. The TP-Link Deco XE75Pro directly infringes, literally and/or under the doctrine of equivalents, at least claims 1 and 11 of the '272 patent.

31. As shown in the attached claim charts at Exhibit 7, the TP-Link Deco XE75Pro and the components thereof satisfy all limitations of at least claims 1 and 11 of the '272 patent.

32. TP-Link's direct infringement of the '272 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '272 product in the

United States.

33. The claims of the '272 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '272 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT III – INFRINGEMENT OF THE '927 PATENT

34. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

35. TP-Link directly infringes the '927 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the TP-Link Deco XE75Pro, without license or authority.

36. The TP-Link Deco XE75Pro directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–2 of the '927 patent.

37. As shown in the attached claim charts at Exhibit 8, the TP-Link Deco XE75Pro and the components thereof satisfy all limitations of at least claims 1–2 of the '927 patent.

38. TP-Link's direct infringement of the '927 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '927 patent in the United States.

39. The claims of the '927 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '927 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT IV – INFRINGEMENT OF THE '776 PATENT

40. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

41. TP-Link directly infringes the '776 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the TP-Link Deco XE75Pro, without license or authority.

42. The TP-Link Deco XE75Pro directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–6 of the '776 patent.

43. As shown in the attached claim charts at Exhibit 9, the TP-Link Deco XE75Pro and the components thereof satisfy all limitations of at least claims 1–6 of the '776 patent.

44. TP-Link's direct infringement of the '776 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '776 patent in the United States.

45. The claims of the '776 patent were issued by the United States Patent

and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '776 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT V – INFRINGEMENT OF THE '134 PATENT

46. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

47. TP-Link directly infringes the '134 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the TP-Link Deco XE75Pro, without license or authority.

48. The TP-Link Deco XE75Pro directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–7 of the '134 patent.

49. As shown in the attached claim charts at Exhibit 10, the TP-Link Deco XE75Pro and the components thereof satisfy all limitations of at least claims 1–7 of the '134 patent.

50. TP-Link's direct infringement of the '134 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '134 patent in the United States.

51. The claims of the '134 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not

directed to abstract ideas and, moreover, contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent-ineligible concept itself. The written description of the '134 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AX Wireless demands judgment for itself and against TP-Link as follows:

    A.    Finding that Defendant has infringed each of the Asserted Patents;

    B.    Issuing a permanent injunction that prohibits Defendant, and its affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, from infringing each of the Asserted Patents;

    C.    Requiring that Defendant pay Plaintiff damages sufficient to compensate Plaintiff for its infringement of each Asserted Patent and in an amount not less than a reasonable royalty;

    D.    Awarding Plaintiff prejudgment interest, post-judgment interest, and costs; and

    E.    Such other and further relief as the Court may deem appropriate

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AX Wireless demands a trial by jury on all issues triable as such.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 22, 2026 | By: */s/Hayden Corrales* |
| 3 | | Hayden Corrales (CA Bar No. 350580)<br>DEVLIN LAW FIRM LLC |
| 4 | | 1526 Gilpin Avenue<br>Wilmington, DE 19806 |
| 5 | | Telephone: (302) 449–9010 |
| 6 | | Facsimile: (302) 353–4251<br>hcorrales@devlinlawfirm.com |
| 7 | | Attorney for Plaintiff<br>AX Wireless, LLC |